UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN LANE,

   Plaintiff,

  v.            CAUSE NO. 3:25cv905 DRL-SJF

ST. JOSEPH SUPERIOR COURT,
STEPHAINE RAHL, and JEFFREY
SANFORD,

   Defendants.

## OPINION AND ORDER

Steven Lane, a prisoner without a lawyer, filed a complaint seeking monetary compensation from a state court, a state deputy prosecutor, and a state court judge because he was prosecuted for crimes with which he was not charged during his arrest. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Here, all three of these defendants are immune from suit.

The St. Joseph Superior Court has Eleventh Amendment immunity, which generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three

exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a state official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. The St. Joseph Superior Court has sovereign immunity and must be dismissed.

Deputy Prosecutor Stephanie Rahl has prosecutorial immunity because "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotations and citation omitted). Deputy Prosecutor Stephanie Rahl has prosecutorial immunity for prosecuting Mr. Lane for crimes he was not charged with during his arrest.

Judge Jeffrey Sanford has judicial immunity because a "judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judge

2

Jeffrey Sanford has judicial immunity for presiding over Mr. Lane's criminal case for crimes he was not charged with during his arrest.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Suing immune defendants fails to state a claim and is legally frivolous. *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822-24 (7th Cir. 2025). There is no basis for allowing Mr. Lane to file an amended complaint.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

April 24, 2026                           *s/ Damon R. Leichty*
                                         Judge, United States District Court